IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-430-BR

MONIFA A. GETHERS,     )
              )
    Plaintiff,     )
              )    **ORDER and**
    v.        )  **MEMORANDUM AND**
              )  **RECOMMENDATION**
WAKE COUNTY SHERIFF'S OFFICE, and )
SHERIFF DONNIE HARRISON,   )
              )
    Defendants.    )

This case is before the court on the application (D.E. 1) by plaintiff Monifa Gethers ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

### Order on *In Forma Pauperis* Application

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The application to proceed *in forma pauperis* is therefore ALLOWED.

### Memorandum and Recommendation on Frivolity Review

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). After a thorough review of plaintiff's proposed complaint (D.E. 1-1), which alleges employment discrimination based on sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"), the court finds that this case is not frivolous and does not suffer from the other deficiencies specified in

28 U.S.C. § 1915(e)(2)(B) with one exception. The proper defendant in this case is the individual elected sheriff, Sheriff Donnie Harrison, and not the Wake County Sheriff's Office. *See Parker v. Bladen County*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (holding that a county sheriff's department lacks the legal capacity to be sued) (*citing Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004) ("There is no North Carolina statute authorizing suit against a county's sheriff's department.")); *see also Robinson v. Iredell County Sheriff's Office/Dep't*, No. 5:09CV131-V, 2011 WL 5974535, at *1 n.1 (W.D.N.C. 29 Nov. 2011) (noting that dismissal of the defendant sheriff's department was warranted because "the individual elected Sheriff is the proper defendant"). It is therefore RECOMMENDED that defendant Wake County Sheriff's Office be DISMISSED, but that the case proceed as to the remaining defendant.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 30th day of July 2012.

James E. Gates
United States Magistrate Judge

2