UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-00430-BR

| | | |
|---|---|---|
| MONIFA A. GETHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHERIFF DONNIE HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the 16 October 2012 motion to dismiss filed by defendant, Wake County Sheriff Donnie Harrison (DE #16).

On 11 July 2012, plaintiff filed *pro se* an application for leave to proceed *in forma pauperis*, which was allowed by Magistrate Judge James E. Gates on 30 July 2012 (DE #4). The *pro se* complaint alleges employment discrimination based on sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*. ("Title VII") (DE #5). Magistrate Judge Gates recommended that defendant Wake County Sheriff's Office be dismissed because it is not an entity capable of being sued, but that the case proceed as to the other defendant, Sheriff Donnie Harrison. The court adopted this recommendation on 28 August 2012 (DE #6). On 16 October 2012, defendant filed an answer and a motion to dismiss the complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE ##15, 16). Plaintiff, with the assistance of counsel, filed a response opposing the motion on 29 November 2012 (DE #22). Defendant did not file a reply.

Although the court has found that this case is not frivolous, the *pro se* complaint is not a model of clarity. As plaintiff is now represented by counsel, the court will allow her the opportunity to amend her complaint in order to provide more detailed factual allegations and to

clarify her causes of action.  See Nix v. Welch & White, P.A., 55 F. App'x 71, 73 (3d Cir. 2003) ("Although the Federal Rules of Civil Procedure do not address the precise situation here, that is, where leave to amend is not sought, it must be granted if the deficiency could be cured by amendment." (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'"); Francis v. State of N.J. Office of Law Guardian, 289 F. App'x 472, 473 (3d Cir. 2008) ("Before dismissing a *pro se* complaint, district courts should 'expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time.'" (quoting Shane v. Fauver, 213 F.3d at 116)).

Plaintiff is DIRECTED to file an amended complaint within 20 days of the date of this order.  Defendant's motion to dismiss is DENIED without prejudice.

This 18 April 2013.

W. Earl Britt
Senior U.S. District Judge